**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

---

**BLAINE WERNER**

    Plaintiff,

v.                                       Case No.

**VILLAGE OF RANDOM LAKE,**
a Wisconsin municipal corporation, and

**PATRICK DEPIES,** individually,

    Defendants.

---

## COMPLAINT

---

## I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 to redress the violation of Plaintiff's rights to procedural due process under the Fourteenth Amendment to the United States Constitution.

2. Defendants deprived Plaintiff of his constitutionally protected liberty and property interests in his continued service as a firefighter with the Random Lake Fire Department without providing the notice, charges, or hearing required by Wis. Stat. § 62.13(5) and the Due Process Clause of the Fourteenth Amendment.

3. Defendant Depies engaged in a multi-year campaign of retaliation, fabrication of disciplinary charges, and unlawful disclosure of confidential medical information in order to unlawfully remove Plaintiff from the Fire Department.

4. Defendant Village of Random Lake ratified and adopted Defendant Depies' unlawful conduct and failed to provide Plaintiff with the procedural protections mandated by its own policies and state law.

5. Plaintiff seeks declaratory relief, reinstatement, compensatory and punitive damages, attorneys' fees, and other appropriate relief.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

8. Plaintiff Blaine Werner ('Werner") is an individual and resident of Sheboygan County, Wisconsin. He is a nearly 50-year veteran of public service, having served with the Random Lake Fire Department since 1977.

9. Defendant Village of Random Lake is a Wisconsin municipal corporation located in Sheboygan County, Wisconsin. The Village operates the Random Lake Fire Department and is responsible for employing firefighters and ensuring compliance with applicable state and federal laws, including Wis. Stat. § 62.13(5).

10. Defendant Patrick Depies is an individual who, at all times relevant to this Complaint, served as Fire Chief of the Random Lake Fire Department. At all relevant times, Defendant Depies acted under color of state law. He is sued in his individual capacity.

## IV. FACTUAL ALLEGATIONS

### A. Mr. Werner's Exemplary Record of Public Service

11. Mr. Werner began his career in public service in 1977 as a paid volunteer firefighter with the Random Lake Fire Department, where he served for nearly five decades.

12. Werner was also employed as a full-time firefighter and paramedic with the City of Sheboygan Fire Department starting in 1989 and retired from the City of Sheboygan Fire Department in 2018 as a Lieutenant and Paramedic.

13. Plaintiff holds advanced professional certifications including Paramedic, EMT-Intermediate, and Firefighter.

14. Plaintiff has instructed emergency medical courses at Lakeshore Technical College and Kettle Moraine Technical College for over 30 years.

15. While with the City of Sheboygan Fire Department, Werner coordinated Project Jumpstart, a program that successfully installed over 25 automated external defibrillators (AEDs) in public schools and over 30 in local churches. His efforts were recognized by the American Heart Association and the City of Sheboygan.

16. Werner has been a consistent volunteer for decades, serving with the Random Lake Lions Club (Board Member), the Random Lake Historical Society (Board Member and project volunteer), Sheboygan County Pink Heals (Board Member), the Sheboygan

County Communication Council, the Sheboygan County Rescue Task Force, and St. John's United Church of Christ (past Board Member).

17. Werner has donated over 300 hours to help reconstruct the Random Lake Historical Society's facility.

18. Werner has taught over 1,000 residents in free CPR, airway obstruction, and hemorrhage control classes during his career.

19. Werner has served on the Wisconsin EMS Association Board, the Professional Firefighters of Wisconsin Honor Guard, and the Sheboygan County EMS Council.

20. In 2001, Werner received the Badger Firemen's Association Meritorious Award.

21. Werner's efforts with the Muscular Dystrophy Association, including organizing events and supporting camps, earned him further accolades, including the Johnsonville Hero Award after his CPR training directly contributed to a life being saved.

22. Werner, along with several members of Sheboygan County fire, EMS, and law enforcement personnel, started the County's Critical Incident Stress Team.

23. Most recently, Werner spearheaded a cardiac screening program for student athletes in the Random Lake School District in response to a gap in emergency preparedness overlooked by the Random Lake Fire Department. He personally contributed $2,000 to fund the program, which is now a model for other school districts.

24. Prior to the events described herein, Werner had never been disciplined during his decades of service with the Random Lake Fire Department and the Sheboygan Fire Department.

### B. The Beginning of Retaliation: Reporting Safety Violations (2018-2019)

25. In 2018, Werner was hired by the Village of Random Lake as Fire Inspector—independent of the Random Lake Fire Department—to complete fire inspections while training new full-time employees in fire inspection procedures.

26. Almost immediately, Werner identified to Fire Chief Depies of safety violations dating back approximately four years that had been neglected by others, including multiple life-threatening code violations at a four-unit apartment building.

27. Despite alerting Defendant Depies to these violations, they remained uncorrected.

28. On September 25, 2019, Werner informed Defendant Depies of his intent to report the code violations to the State of Wisconsin due to the uncorrected violations.

29. In response, Defendant Depies threatened Werner with insubordination charges if he reported the violations to the State.

30. Defendant Depies explicitly stated to Werner, "we are not Milwaukee," in dismissing Plaintiff's safety concerns. This statement was made shortly after a child died in a fire in Milwaukee due to similar alarm failures.

### C. Retaliation for Open Records Request and False Accusations (2020)

31. In early 2020, Werner filed an open records request regarding fire inspection histories.

32. Defendant Depies refused to honor Werner's open records request.

33. State Fire Officials later confirmed that the Village was required to release the requested records and the records were ultimately provided.

34. In 2020, Defendant Depies falsely accused Werner of harassment of both full-time female employees of the Fire Department. Defendant Depies made these accusations in front of other Random Lake Fire Department members.

35. Defendant Depies began a campaign of escalating hostility and retaliation against Plaintiff.

### D. Age Discrimination and Administrative Leave Without Due Process (May-July 2020)

36. In May 2020, during a meeting to address the Fire Department's leadership structure with Fire Chief Depies, Werner was asked how long he could perform his duties given his age—an overtly discriminatory remark.

37. On July 29, 2020, Werner was placed on administrative leave without any prior discipline or progressive measures as required by the Village of Random Lake Employee Handbook and state law.

38. That same day, Werner was ordered to surrender his equipment and was denied email access.

39. When Werner inquired about the Village's deviation from protocol and why it was using private counsel instead of the League of Municipalities, he was told by the Village President, "it's what the female wanted."

### E. Biased Investigation and Admission of Conspiracy (2020-2021)

40. Defendant Depies remained personally involved in the investigation of Werner—despite his clear bias and personal animosity toward Plaintiff.

41. During a Random Lake Fire Department Executive Committee meeting, Defendant Depies stated, "I want Blaine off this f**king department." During a meeting on August 3, 2020 with the outside attorney hired by the Village (Lisa Bergersen), Defendant Depies admitted to having held prior secret meetings with Village officials to plan Plaintiff's removal from the Fire Department.

42. During meetings with the outside investigator, Defendant Depies stated that he could get statements from other people to get Plaintiff off the department.

43. The investigation, which concluded in early 2021, was procedurally flawed and tainted by Defendant Depies' improper involvement and bias.

### F. Retaliation for Running for Fire Chief (January 2021)

44. In January 2021, while still under suspension, Werner ran for Fire Chief in the department's internal election.

45. Werner garnered 21 votes—nearly defeating Defendant Depies.

### G. Retaliatory Disciplinary Charges and Coerced Settlement (September 2021 - May 2022)

46. In September 2021, in retaliation for Plaintiff's challenge to Defendant Depies' position, formal disciplinary charges were filed against Werner.

47. A hearing commenced pursuant to Wis. Stat. § 62.13(5).

48. The Hearing Officer apparently concluded that the charges were unfounded, and all charges were withdrawn.

49. Werner reluctantly signed a settlement agreement in May 2022, despite noting that Defendant Depies had lied in his disciplinary report.

50. A material term of the settlement agreement was that the Village agreed to reinstate Werner to his former position with the Random Lake Fire Department.

51. The May 2022 settlement agreement did not release, waive, or bar any claims arising from constitutional violations. The claims asserted in this Complaint arise from Defendants' conduct occurring after the settlement agreement was executed, including Defendants' repeated refusal to honor the reinstatement term, the fabricated "resignations" in December 2022 and August 2023, the unlawful disclosure of Plaintiff's confidential medical information in July 2023, and the Village's explicit denial of Plaintiff's request for a due process hearing in September 2023. To the extent any release language exists in the settlement agreement, it does not encompass the federal constitutional claims asserted herein, which are not subject to waiver by private agreement under 42 U.S.C. § 1983.

### H. Improper Interference with Reinstatement and Patient Abandonment Order (2022)

52. Shortly after the settlement, Plaintiff attempted to reintegrate with the Fire Department.

53. Dr. Steven W. Zils—who lacked legal authority to bar a firefighter from duty—issued a letter forbidding Werner from responding to any calls or participating in EMS-related meetings.

54. Dr. Zils subsequently wrote a second letter stating that Plaintiff could respond to fire calls, but if there was a patient at the scene, Plaintiff needed to leave.

55. This directive would constitute patient abandonment, which could cost Werner his professional license.

56. During this entire time, Werner repeatedly requested assistance from the Village Board regarding these impediments to his reinstatement.

57. The Village Board refused to intervene or assist Werner.

58. Plaintiff repeatedly requested a mediated, neutral meeting with Defendant Depies to resolve the issues preventing his full reinstatement.

59. Defendant Depies refused all such arrangements and demanded that Werner attend an in-person meeting at the fire station without a neutral third-party present.

### I. The November 2022 Meeting and Fabricated "Resignation" (November-December 2022)

60. On November 3, 2022, a meeting was held between Werner, Defendant Depies, two assistant chiefs, and others.

61. Werner recorded the meeting and advised all participants that he was recording the meeting. Werner recorded the meeting to ensure that his statements were not taken out of context by Defendant Depies.

62. On December 14, 2022, Defendant Depies sent Werner a letter containing false statements about what occurred at the November 3, 2022 meeting.

63. In the December 14, 2022 letter, Defendant Depies falsely claimed that Werner had called him a vulgar name during the meeting.

64. Defendant Depies falsely claimed in the letter that Werner stated, "there is no f***ing way I will ever shake your hand for what you did to me."

65. Defendant Depies falsely claimed in the letter that Werner refused to return to the Fire Department.

66. All of these claims were disproven by the audio recording Werner made of the meeting.

67. Contrary to Defendant Depies' later statements, Werner never used profanity during the meeting, never stated that he did not wish to return to the Fire Department and was respectful throughout the meeting.

68. Based on these fabricated allegations, Defendant Depies asserted that Werner had acted inconsistently with future employment and that he "accepted" Plaintiff's "resignation from the Random Lake Fire Department."

### J. Plaintiff's Efforts to Correct the Record (December 2022)

69. On December 19 and 20, 2022, Plaintiff provided the audio recording and the false letter to the Village and Defendant Depies, demonstrating that Defendant Depies' allegations were intentionally fabricated.

70. Despite being confronted with the audio recording proving that Defendant Depies had lied, the Village did not take any corrective action or intervene.

### K. Request for Due Process Hearing and Village's Initial Acknowledgment (January 2023)

71. On January 19, 2023, Plaintiff filed a formal complaint with the Village and requested a due process hearing regarding his fabricated termination.

72. On January 20, 2023, Village President San Felippo acknowledged that the letter terminating Werner was not the letter approved by Village leadership.

73. President San Felippo acknowledged that Village leadership had relied upon Defendant Depies' misrepresentations.

### L. Admission of "Mistake" and Fitness-for-Duty Exam (March-July 2023)

74. On March 20, 2023, Defendant Depies stated that the termination had been a "mistake" and that Werner was not terminated.

75. However, Defendant Depies suddenly insisted that Werner attend a fitness-for-duty examination before Werner would be allowed to return to work. This return-to-work condition was a violation of the prior settlement agreement.

76. Werner underwent a fitness-for-duty examination with Craig D. Childs, PhD. on May 8, 2023.

77. On or about June 20, 2023, Dr. Childs provided the confidential results of the fitness-for-duty examination to Defendant Depies, clearing Plaintiff for duty. Dr. Childs' report included a statement that the report was protected by federal and state law.

### M. Unlawful Disclosure of Confidential Medical Information (July 2023)

78. On or about July 14, 2023, Defendant Depies intentionally emailed several firefighters a copy of Dr. Childs' confidential report.

79. Plaintiff's confidential psychological evaluation—mandated by Defendant Depies—was shared without Plaintiff's consent with non-medical personnel.

80. This disclosure violated Plaintiff's constitutionally protected liberty interest in his reputation and privacy, and was made without any legitimate governmental purpose. The report itself bore a notation that it was protected by federal and state law, of which Defendant Depies was aware.

81. Defendant Depies' disclosure of this confidential medical information was intended to embarrass and humiliate Werner in front of his colleagues.

82. On July 16, 2023, Werner sent an email to the Village regarding Defendant Depies' egregious conduct in fabricating Plaintiff's alleged "resignation" and alerted the Village to Defendant Depies' blatant violation of Plaintiff's right to privacy of his confidential medical information.

83. On July 27, 2023, Werner expressed his concern to Depies and Village of Random Lake officials about communicating with Depies via unprotected email and about having further unsupervised or unrecorded conversations with Depies in person, given Defendant Depies' pattern of fabricating false statements and events.

### N. Second Fabricated "Resignation" (July-August 2023)

84. Defendant Depies' efforts to prevent Plaintiff's reinstatement continued unabated.

85. On or about July 24, 2023, Defendant Depies unilaterally scheduled a return-to-work meeting with Werner to be held on July 25, 2023.

86. By email dated July 24, 2023, Werner informed a Village Trustee that he was not available for the meeting scheduled for July 25, 2023.

87. Werner left a copy of his email for Defendant Depies with the Village Clerk on July 24, 2023.

88. By letter dated August 14, 2023, Defendant Depies once again unilaterally scheduled a meeting with Plaintiff, this time to be conducted on August 22, 2023.

89. Werner was unable to meet with Defendant Depies on the date and time unilaterally selected by Defendant Depies.

90. By email on August 21, 2023, Werner advised Keri Wallenkamp and Barbra Ruege, two members of the Village personnel committee, that he was unable to meet with Defendant Depies on August 22, 2023 and expressed his concerns about Defendant Depies' ongoing misconduct in office and violation of the settlement agreement.

91. Instead of rescheduling the August 22, 2023 meeting, Defendant Depies terminated Werner by letter dated August 24, 2023.

92. In the August 24, 2023 letter, Defendant Depies again falsely asserted that Plaintiff had "resigned" from the Fire Department.

93. Plaintiff was thus terminated for missing a meeting despite having given advance notice of his unavailability and offering to reschedule due to a scheduling conflict.

### O. Denial of Due Process Hearing (August-September 2023)

94. By email response, Werner opposed his termination and made an "official" request for a hearing before the Police and Fire Commission or the Village Board.

95. Werner specifically referenced his due process rights under Wis. Stat. § 62.13(5).

96. On September 8, 2023, Village President San Felippo rejected Plaintiff's demand for a due process hearing.

97. President San Felippo incorrectly asserted that "neither the Police and Fire Commission or the Village Board have jurisdiction under Wisconsin State Statute 62.13 to hold a public hearing pursuant to your request."

98. This assertion was false, as the Village had specifically granted firefighters appeal rights through its Employee Handbook and via its Standard Operating Procedures.

### P. Established Procedural Rights Under State Law and Village Policy

99. Article 23 of the Random Lake Fire Department Standard Operating Procedures provides that all disciplinary actions must conform to the procedures established by Wis. Stat. § 62.13(5).

100. The Village of Random Lake Employee Handbook (adopted July 20, 2020) similarly requires that all disciplinary actions conform to the procedures established by Wis. Stat. § 62.13(5).

101. Wis. Stat. § 62.13(5) provides firefighters with the right to written notice, a statement of charges, and a full hearing before the Village Board or a designated impartial body prior to termination or significant discipline.

102. These procedures create constitutionally protected property and liberty interests.

103. Werner was afforded none of these procedural safeguards at any time during Defendants' actions to remove him from the Fire Department.

### Q. Summary of Defendants' Pattern of Misconduct

104. Throughout the period from 2018 to present, Defendant Depies has engaged in a systematic campaign to retaliate against Werner for:

    a.   Reporting safety violations;
    b.   Filing open records requests;

     c.    Challenging Defendant Depies for the position of Fire Chief; and
     d.    Asserting his rights under state and federal law.

105. Defendant Depies has repeatedly fabricated misconduct by Werner, including:

     a.    False accusations of harassment;
     b.    False claims that Plaintiff used profanity and refused to return to duty; and
     c.    False assertions that Plaintiff "resigned" on multiple occasions.

106. Defendant Depies has conspired with Village officials to circumvent Plaintiff's due process rights and has openly admitted his intent to remove Plaintiff from the Fire Department.

107. Defendant Depies has violated Plaintiff's privacy rights by unlawfully disclosing confidential medical information.

108. Defendant Village of Random Lake has ratified and adopted Defendant Depies' unlawful conduct by:

     a.    Failing to take corrective action despite being presented with evidence of Defendant Depies' fabrications and misconduct;
     b.    Refusing to provide Plaintiff with the due process hearing required by its own policies and state law;
     c.    Allowing Defendant Depies to maintain authority over personnel matters despite his demonstrated bias and dishonesty; and
     d.    Maintaining policies, practices, and customs that permit supervisors to terminate firefighters without complying with Wis. Stat. § 62.13(5).

109. At no point during the events described above did Defendants provide Plaintiff with the charges, notice, or fair hearing required by Wis. Stat. § 62.13(5) and the Due Process Clause of the Fourteenth Amendment.

110. Plaintiff's exemplary service record and decades of distinguished public service stand in stark contrast to Defendants' retaliatory, dishonest, and unlawful conduct.

## V. CLAIM FOR RELIEF

Violation of Procedural Due Process Under the Fourteenth Amendment
42 U.S.C. § 1983
(Against All Defendants)

111. Werner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

112. Werner had constitutionally protected property interests in his continued employment with the Random Lake Fire Department.

113. Plaintiff's property interests arose from Wis. Stat. § 62.13(5), Article 23 of the Random Lake Fire Department Standard Operating Procedures, and the Village of Random Lake Employee Handbook, all of which provide that firefighters may only be terminated or significantly disciplined after receiving notice, charges, and a hearing.

114. Werner had constitutionally protected liberty interests in his reputation, professional standing, and ability to pursue his chosen profession. Defendant Depies made false and stigmatizing public statements in connection with Werner's termination—including false accusations that Werner used profanity, refused to return to duty, and had voluntarily resigned—and disseminated Werner's confidential psychological evaluation to fellow firefighters without consent. These false, stigmatizing disclosures were made publicly within the fire service and EMS community in which Werner has worked for nearly five decades, and have foreclosed or materially impaired his ability to pursue future employment and volunteer opportunities in his chosen profession.

115. Defendants, acting under color of state law, deprived Werner of his property and liberty interests without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

116. Defendants failed to provide Werner with:

    a. Adequate written notice of the charges against him;
    b. A statement of the specific allegations supporting those charges;
    c. An opportunity to be heard before an impartial decision-maker;
    d. An opportunity to present evidence and witnesses in his defense; and
    e. A meaningful hearing prior to termination.

117. Defendant Depies is individually liable for violating Plaintiff's due process rights through his actions in:

    a. Fabricating allegations of misconduct by Werner;
    b. Issuing termination letters falsely claiming Werner had resigned;
    c. Refusing to provide Werner with required procedural protections;
    d. Retaliating against Werner for exercising his rights; and
    e. Unlawfully disclosing Werner's confidential medical information.

118. Defendant Village of Random Lake is liable because:

    a. The Village maintained an unconstitutional policy, practice, or custom of allowing supervisors to terminate firefighters without complying with the procedural requirements of Wis. Stat. § 62.13(5);
    b. The Village's refusal to provide Plaintiff with a due process hearing reflects a deliberate choice by the Village's final policymaker. On September 8, 2023, Village President San Felippo—acting as a final policymaker for the Village with respect to personnel decisions—explicitly and in writing rejected Plaintiff's demand for a hearing under Wis. Stat. § 62.13(5). This decision by a final policymaker constitutes official Village policy for purposes of municipal liability under 42 U.S.C. § 1983;

    c.    The Village ratified Defendant Depies' unconstitutional conduct by refusing to intervene or provide corrective measures despite being presented with evidence of his fabrications and misconduct; and

    d.    The Village's custom of deferring to Defendant Depies' personnel decisions without meaningful oversight was the moving force behind the violation of Plaintiff's constitutional rights.

119. Defendants acted with deliberate indifference to Plaintiff's constitutional rights.

120. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer damages including:

    a.    Loss of his position with the Random Lake Fire Department;
    b.    Loss of wages, benefits, and pension contributions;
    c.    Loss of professional standing and reputation in the fire service and EMS community;
    d.    Severe emotional distress, humiliation, and embarrassment;
    e.    Damage to his reputation; and
    f.    Loss of the opportunity to continue serving his community in a profession to which he has dedicated nearly five decades of his life.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Blaine Werner respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A. Declaring that Defendants' conduct violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

B. Ordering Plaintiff's immediate reinstatement to his position with the Random Lake Fire Department with full restoration of rights, privileges, seniority, and benefits;

C. Awarding Plaintiff compensatory damages in an amount to be determined at trial, including damages for lost wages, benefits, emotional distress, and reputational harm;

D. Awarding Plaintiff punitive damages against Defendant Depies in his individual capacity in an amount sufficient to punish and deter similar conduct;

E. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

F. Awarding Plaintiff prejudgment and post-judgment interest as permitted by law; and

G. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 16th day of April 2026.

**ATTORNEY FOR PLAINTIFF**
**ROBERT M. MIHELICH**

*Electronically signed by Robert M. Mihelich*
Robert M. Mihelich, Esq.
State Bar No. 1022106
LAW OFFICE OF ROBERT M. MIHELICH
2665 S. Moorland Road, Ste. 200
New Berlin, WI 53151
Phone: (262) 789-9300
Email: attyrmm@bizwi.rr.com